UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| Metropolitan St. Louis Equal Housing Opportunity Council, a Missouri nonprofit corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 2:09-cv-4019-NKL |
| v. | ) ) | |
| Lighthouse Lodge, LLC, Davidson Construction & Development, Inc., a Missouri corporation, Lighthouse Lodge Development Co., LLC, and Robert Russell, d/b/a Robert Russell, Architect, and Lighthouse Pointe 912, LLC, | ) ) ) ) ) ) | Plaintiff demands trial by jury on all issues triable by jury |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**
**For Declaratory and Injunctive Relief and Damages**

Comes now Plaintiff, Metropolitan St. Louis Equal Housing Opportunity Council, a Missouri nonprofit corporation ("EHOC"), by its attorneys, and for its First Amended Complaint alleges as follows:

**Facts and Matters Common to All Counts**

1. Plaintiff complains against Defendants Lighthouse Lodge, LLC, Davidson Construction & Development, Inc. ("Davidson"), Lighthouse Lodge Development, Co., LLC, and Robert Russell, d/b/a Robert Russell, Architect ("Russell") (hereinafter sometimes referred to collectively as "Defendants"), for their violations of Chapter 213, RSMo (the Missouri Human Rights Act)[1], the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the

---
[1] All references to the Revised Statutes of Missouri are to the most current version unless otherwise noted.

1

Fair Housing Amendments Act of 1988, 42 U.S.C. Sec. 3601, *et seq*., and the regulations promulgated which implement the Fair Housing Act, and the Fair Housing Act Design Manual ("Fair Housing Act"), and the Americans with Disabilities Act including 28 C.F.R. Sec.s 36.401 and 36.406 and 28 C.F.R. Part 36 and its Appendix A [Standards for Accessible Design] ("ADA") in the design and construction of Lighthouse Pointe Condominiums, a condominium development designed and constructed with first occupancy to occur after March 13, 1991, located in Lake Ozark, on Lighthouse Road and vicinity, in Miller County, Missouri, which condominium development is comprised of public and common use areas and several residential buildings each of which contains four or more residential units which are covered multi-family dwelling units within the meaning of the Missouri Human Rights Act and the Fair Housing Act, and which condominium development has public accommodation areas within the meaning of the Missouri Human Rights Act and the ADA, and which were designed and constructed for first use after January 26, 1993, to wit: pools, parking areas, boat docks, restrooms, paths and paved areas, club houses, and sales offices (the "subject property"), and Plaintiff seeks from Defendants, as appropriate to each as hereinafter set forth, declaratory and injunctive relief, actual and punitive damages, costs, fees, and such other relief as may be obtained pursuant to the Missouri Human Rights Act, the Fair Housing Act, and the ADA as to each and/or the various Defendants as the law pertains.

2.      Plaintiff in filing its cause in the Circuit Court of Miller County alleged that the Circuit "Court has jurisdiction to consider the State and Federal claims made here pursuant to Sec.213.111, RSMo and 42 U.S.C. Sec.s 3613 and 12117(a) if the party filing the action has received a "right to sue letter" as is the case in the matter at bar. See Exhibit A to this Petition, attached hereto and incorporated by reference. Venue lies in the circuit court of any county in

which the unlawful discriminatory practice is alleged to have occurred. Sec. 213.11, RSMo. Plaintiff alleges the unlawful discriminatory practices occurred in Miller County, the site of the Lighthouse Pointe Condominiums, the subject property, and the site where the design and construction of the same occurred, all as set forth further below." Jurisdiction is also proper with this U.S. District Court and a Notice of Removal pursuant to 28 U.S.C. Sec. 1446 has been filed by Defendant Russell and Plaintiff has elected not to file a Motion for Remand. Plaintiff does believe that this U.S. District Court possess subject matter jurisdiction over this cause pursuant to 28 U.S.C. Sec.s 1331 and 1441, and supplemental jurisdiction over the pendant state claims pursuant to 28 U.S.C. Sec. 1367.

3.     Plaintiff EHOC is a Missouri nonprofit corporation with offices at 1027 S. Vandeventer, 6th Floor, St. Louis, MO 63110. EHOC serves Missouri and Illinois. It is a fair housing agency funded in part by the United States Department of Housing and Urban Development ("HUD") as well as by other agencies and sources. Its mission is ensure equal access to housing through education, counseling, advocacy, investigation and enforcement. In part, EHOC fulfills this mission by educating the public about fair housing matters, including accessibility and adaptability, providing training to those in the housing industry and local government and to developers, contractors, property owners, realtors, architects and designers, and by engaging in activities to identify barriers to fair housing and to eliminate discriminatory housing practices, including those which pertain to the design and construction and to enforce the laws, regulations, and rules, State and Federal, which mandate fair housing practices, accessibility and adaptability. EHOC engages in education, training, assessment, testing, advocacy and enforcement efforts. EHOC works to insure that housing is accessible and adaptable for persons with disabilities and to ensure that persons involved in the design and construction of public and common use areas

and covered multi-family dwellings units within the meaning of Sec. 213.040.2, RSMo and 42 U.S.C. Sec. 3604 (f)(7)(A) comply with the Missouri Human Rights Act and the Fair Housing Act, and, with respect to public accommodations, to ensure that persons comply with Sec. 213.065, RSMo [the Missouri Human Rights Act] and the ADA. EHOC has diverted considerable resources to investigate the subject property and to engage in testing of the subject property to determine compliance with the Missouri Human Rights Act, the Fair Housing Act, and, with respect to public accommodations, to insure compliance with the Missouri Human Rights Act and the ADA. Further, EHOC has diverted its resources into pursuing administrative remedies and will divert more in pursing this cause of action. In addition to causing EHOC to divert its resources, these activities have interfered and will interfere with EHOC's mission.

4. Defendants Lighthouse Lodge, LLC and Lighthouse Lodge Development Co., LLC are Missouri limited liability companies and are the developers, builders, and designers of the subject property, and, to the best of Plaintiff's information and belief, during the construction phase of the subject property, these Defendants, or one or more of them, owned and/or held title to the subject property. Others may have had an ownership interest as well. As developers, builders, and designers, each is liable under the Missouri Human Rights Act, the Fair Housing Act, and the ADA.

5. Defendant Davidson is a Missouri corporation and construction company and, along with Defendants Lighthouse Lodge, LLC, and Lighthouse Lodge Development Co., LLC, it developed, built, and designed the subject property. To the best of Plaintiff's information and belief, this Defendant did not have an ownership interest in the subject property, although it may have had. As developer, builder, and designer, it is liable under the Missouri Human Rights Act, the Fair Housing Act, and the ADA.

6. Defendant Robert Russell is an individual who d/b/a as Robert Russell, Architect. He designed the subject property and regularly consulted with the other Defendants about the development, construction, and design of the subject property. As such, he is liable under the Missouri Human Rights Act and the Fair Housing Act.

### *Count I—the Missouri Human Rights Act*

7. Plaintiff restates and realleges paragraphs 1-6 as if fully set forth herein as paragraphs 7 through 12 of Count 1.

13. Defendants and each of them failed to design and construct the subject property so that:

    a) the public use and common use portions of the covered dwellings are accessible to and usable by persons with a disability;

    b) all doors are designed to allow passage into and within all premises within the covered dwellings and are sufficiently wide to allow passage by persons with a disability in wheelchairs; and,

    c) all premises within such covered dwellings contain the following features of adaptive design: i) an accessible route into and through the dwelling; ii) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations; iii) reinforcements in bathroom walls to allow for later installation of grab bars; and, iv) usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

These design and construction failures constitute violations of the Missouri Human Rights Act and the Fair Housing Act.

14. In addition, Defendants, and each of them, designed and constructed the subject property so that there exist illegal design and construction features, each of which violates the Missouri

5

Human Rights Act and the Fair Housing Act, and some of which violate the ADA, including but not limited to the following:

- a) there is no accessible route from the lower level elevator to the swimming pool, the restrooms serving the swimming pool, and the hot tub/spa because of the presence of steps;
- b) there is no accessible route from the pool deck to Lighthouse Pointe because of the presence of steps;
- c) there is no accessible route from Lighthouse Pointe to the boat docks because of the presence of steps;
- d) there is a three inch step into the common use restrooms and no ramp is provided;
- e) the bedroom doorways are too narrow to allow access by persons with a disability using wheelchairs;
- f) the bathroom doorways within the dwelling units are too narrow to allow access by persons with a disability using wheelchairs;
- g) the doorways to the balcony areas are too narrow to allow access by persons with a disability using wheelchairs;
- h) there are steps up of one to three inches into some of the covered dwelling units;
- i) the thresholds in the balcony areas exceed three quarter inches;
- j) the outlets in the kitchens require more than a 25 inch reach;
- k) the outlets within the units are ten inches above the finished floor;
- l) the thermostats are 60 inches above the finished floor;
- m) there is inadequate clear floor space centered on the master bathroom sinks for a parallel approach;

n) there is inadequate clear floor space outside the swing of the doors to the toilet rooms in the master bathrooms for persons with a disability using wheelchairs to be able to close the door behind themselves;

o) there is inadequate clear floor space for access by persons with a disability using wheelchairs to the toilets in the master bathrooms;

p) many of the public and common use areas are totally inaccessible to persons with a disability using wheelchairs because of steep slopes or grades;

q) objects protrude into the accessible route to units within Buildings 9 and 10 of the subject property;

r) there is a lack of accessible parking spaces in the parking areas in that there are only two spaces designed as "handicap" accessible and these are for "drop off and pick up only" and do not meet the requirements for width of space and slopes on access aisles;

s) there is no accessible route to the boat docks due to a 23% slope from the elevator between Buildings 1 and 2 to Dock A, because there are 15 steps to Dock B, because there are an additional 11 steps from Lighthouse Pointe to the boat docks between Buildings 6 and 7, and because there are 18 steps to Dock F;

t) there are no grab bars in the common use restroom serving the pool and the entrances to the common use restrooms and several storage areas have steps;

u) there is a lack of accessible parking at the playground in the areas where parking is available;

v) there is a lack of accessible parking garages and all garage doors are only 105 inches wide instead of the minimum of 120 inches required by law;

7

w)   there is a lack of accessible hardware on storage closets and common use restrooms which have door knobs rather than lever handles;

x)   there is a lack of accessible routes into and within the dwelling units from the front door and balcony;

y)   there is a lack of an accessible route to the sales or management office, which is up a flight of stairs and which has an open staircase without 80 inch clearance;

z)   there is inadequate headroom clearance on the lower level between Buildings 6 and 7 due to beams having been mounted less an 80 inches from the floor;

aa)  there is inadequate headroom clearance due to an open staircase near Unit 601;

bb)  there is inadequate headroom clearance on the lower level between Buildings 9 and 10 due to an open staircase;

cc)  there is a lack of an accessible route from the parking area to the building walkways at Building 2 because there are two steps up from the parking areas to the area between Buildings 2 and 3;

dd)  the ramp from the parking area to the area between Buildings 3 and 5 is noncompliant;

ee)  there are noncompliant ramps to the area between Buildings 6 and 7;

ff)  there are noncompliant ramps to the area between Buildings 9 and 10;

gg)  there is a lack of accessible mailboxes throughout the subject property; and,

hh)  additional violations may become known upon further physical examination of the subject property.

These design and construction features violate the Missouri Human Rights Act and the Fair Housing Act. Those which pertain to public accommodations violate the Missouri Human Rights Act and the ADA.

15. Defendants did not, in designing and constructing the subject property, comply with the Missouri Human Rights Act, and, in particular, with Sec. 213.040.2 (3), .3, and .4, RSMo, or with the requirements of the American National Standards for Buildings and Facilities providing accessibility and usability for people with physical disabilities, commonly cited as "ANSI A117.1."

16. In addition, Defendants violated the Missouri Human Rights Act, and, in particular, Sec. 213.065, RSMo, by failing to provide all persons within the jurisdiction of the State of Missouri with full and equal use and enjoyment of those areas of public accommodation within the subject property including but not limited to the facilities and public and common use areas made available to residents, their invitees and guests, customers, and members of the public, such as sales offices, swimming pools, parking lots, Lighthouse Pointe, the boat docks, walkways, paths, and club houses, as well as to the restrooms provided for users and patrons [some of which violations are more particularly described in paragraph 14 a), b), c), d), p), r), s)), t), u), w) y), gg) and, hh); in addition, slopes and grades on walkways and paved areas are too steep to be safely used by persons with a disability using wheelchairs].

17. Defendants, and each of them, through design and construction violations more particularly described above, and, in particular in paragraphs 13, 14, and 15 of this Petition, have:

    a) engaged in illegal housing practices and discriminated against persons with disabilities in the sale or rental of covered dwellings located within the subject

9

property, or otherwise made unavailable or denied covered dwellings located within the subject property to persons with disabilities in violation of the Missouri Human Rights Act [Sec. 213.040, RSMo];

b) failed to design and construct covered dwellings and the public and common use areas located within the subject property in compliance with accessibility and adaptability features mandated by the Missouri Human Rights Act [Sec. 213.040, RSMo];

c) failed to design and construct covered dwellings and the public and common use areas located within the subject property in compliance with the Missouri Human Rights act, and, in particular, Sec. 213.040.2 (3), .4, and .4, RSMo, or with the requirements of the American National Standards for Buildings and Facilities providing accessibility and usability for people with physical disabilities, commonly cited as "ANSI A117.1;" and,

d) failed to provide all persons within the jurisdiction of the State of Missouri with full and equal use and enjoyment of those areas of public accommodation within the subject property in violation of the Missouri Human Rights Act [Sec. 213.065, RSMo].

WHEREFORE, Plaintiff prays that this Court enter an Order that:

A) Declares that the practices of Defendants as alleged herein violates the Missouri Human Rights Act as aforesaid;

B) Enjoins Defendants, by injunctive relief, to bring the subject property, the covered dwellings, the public and common areas, and the areas of public accommodation

into compliance with the design and construction mandates of the Missouri Human Rights Act;

C) Compels Defendants to re-design and retrofit the subject property, the covered dwellings, the public and common areas, and the areas of public accommodation so that all comply with the design and construction mandates of the Missouri Human Rights Act;

D) Awards Plaintiff such actual monetary damages as may be recoverable under law and which will fully compensate it for its injuries;

E) Award Plaintiff with such punitive or exemplary damages as may be recoverable under law because of Defendants' willful and intentional conduct as described above so that they and others may be deterred from violating the design and construction mandates of the Missouri Human Rights Act and otherwise ignoring the laws as they pertain to fair housing, civil rights, and disabilities;

F) Award Plaintiff its reasonable attorneys' fees, costs, expenses, experts' fees and costs, all as may be recoverable under law; and,

G) Such other and further relief and Orders as this Court may deem just in the circumstances.

### *Count II—the Fair Housing Act*

18. Plaintiff restates and realleges paragraphs 1-6 as if fully set forth herein as paragraphs 18 through 23 of Count II.

24. Plaintiff restates and realleges paragraph 13 as if fully set forth herein as paragraph 24 of Count II.

25. Plaintiff restates and realleges paragraph 14 as if fully set forth herein as paragraph 25 of Count II.

26. Defendants and each of them, through the design and construction violations described in the preceding paragraphs 18-25 have:

   a) discriminated in the sale or rental of, or otherwise made unavailable or denied, dwellings to persons (purchasers, residents, or renters-potential or otherwise) because of handicap, in violation of 42 U.S.C. Sec. 3604 (f)(1);

   b) discriminated against persons (purchasers, residents, or renter-potential or otherwise) in terms, conditions, or privileges of purchase or rental of a dwelling or in the provision of services or facilities in connection with a dwelling because of handicap, in violation of 42 U.S.C. Sec. 3604 (f)(3)(C).

27. The conduct of Defendants described herein constitutes:

   a) a violation of the Fair Housing Act and its accessibility and adaptability requirements and mandates; and,

   b) a denial to Plaintiff and other persons of the rights granted to them by the Fair Housing Act.

   WHEREFORE, Plaintiff prays that this Court enter an Order that:

   A) Declares that the practices of Defendants as alleged herein violate the Fair Housing Act as aforesaid;

   B) Enjoins Defendants, by injunctive relief, to bring the subject property, the covered dwellings, and the public and common areas into compliance with the design and construction mandates of the Fair Housing Act;

C) Compels Defendants to re-design and retrofit the subject property, the covered dwellings, and the public and common areas in compliance with the design and construction mandates of the Fair Housing Act;

D) Awards Plaintiff such actual monetary damages as may be recoverable under law and which will fully compensate it for its injuries;

E) Award Plaintiff with such punitive or exemplary damages as may be recoverable under law because of Defendants' willful and intentional conduct as described above so that they and others may be deterred from violating the design and construction mandates of the Fair Housing Act and otherwise ignoring the laws as they pertain to fair housing, civil rights, and disabilities;

F) Award Plaintiff its reasonable attorneys' fees, costs, and such other fees, costs, and expenses as are recoverable as a matter of law; and,

G) Such other and further relief and Orders as this Court may deem just in the circumstances.

### *Count III-the ADA*

28. Plaintiff restates and realleges paragraphs 1-6 as if fully set forth herein as paragraphs 28 through 33 of Count III.

34. Defendants Lighthouse Lodge, LLC, Davidson Construction & Development, Inc., and Lighthouse Lodge Development Co., LLC ("Lighthouse Defendants") violated the ADA by failing to design and construct the subject property so that all areas of public accommodations including but not limited to the sales office, swimming pools, parking lots, Lighthouse Pointe, the boat docks, walkways, paths and club houses, as well as to the restrooms provided for users and patrons comply with the ADA and are readily accessible and usable by persons with

disabilities as required by the ADA and more specifically by 42 U.S.C. Sec. 12183 (a)(1) and the promulgated regulations implementing the ADA including 28 C.F.R. Part 36 and its Appendix A [Standards for Accessible Design].

35. Lighthouse Defendants, through design and construction acts and omissions more particularly described above and in paragraph 14 a), b), c), d), p) r) s), t) u), w), y), gg), and hh), and as may be hereafter determined upon further physical examination of the subject property, violated the ADA.

WHEREFORE, Plaintiff prays that this Court enter an Order that:

A) Declares that the practices of Lighthouse Defendants as alleged herein violates the ADA;

B) Enjoins Lighthouse Defendants, by injunctive relief, to bring the subject property's areas of public accommodation into compliance with the design and construction mandates of the ADA;

C) Compels Lighthouse Defendants to re-design and retrofit the subject property's areas of public accommodation into compliance with the design and construction mandates of the Missouri Human Rights Act;

D) Awards Plaintiff such actual monetary damages as may be recoverable under law and which will fully compensate it for its injuries;

E) Award Plaintiff any other damages as may be recoverable under law;

F) Award Plaintiff its reasonable attorneys' fees, costs, expenses, experts' fees and costs, all as may be recoverable under law; and

G) Such other and further relief and Orders as this Court may deem just in the circumstances.

**Plaintiff demands trial by jury
on all issues by jury.**


Respectfully submitted,

Law Offices of Thomas E. Kennedy, III, LC.

*/s/Deborah S. Greider*

Deborah S. Greider
Thomas E. Kennedy, III
Anne M. Hillyer
230 S. Bemiston, Suite 800
St. Louis, MO 63105
314-872-9041
FAX: 314-872-9043

John J. Ammann
Director of the Legal Clinic
St. Louis University School of Law
321 North Spring Ave.
St. Louis, MO 63108
Tel. (314) 977-2778
Fax: (314) 977-3334

Zachary M. Schmook
Metropolitan St. Louis Equal Housing Opportunity Council
1027 Vandeventer Ave., Sixth Floor
St. Louis, MO 63110
314-534-5800
FAX: 314-534-2551

*Certificate of Service*

I hereby certify that on March 12, 2009, I electronically filed the foregoing First Amended Complaint with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Attorneys for the Plaintiff:

Deborah S. Greider               dgreider@tkennedylaw.com

Thomas E. Kennedy, III           tkennedy@tkennedylaw.com

Anne M. Hillyer                  ahillyer@tkennedylaw.com

John J. Ammann                   ammannjj@SLU.EDU


Zachary Schmook                  zschmook@ehoc-stl.org


Attorney for Defendant Davidson Construction & Development, Inc.:


John Curran                      jcurran@curransickal.com

                                 jhenry@curransickal.com


Attorney for Robert Russell:


Samuel Trapp                     sam.trapp@hanrahantrapp.com

                                 becky.eye@hanrahantrapp.com


Attorney for Lighthouse Pointe 912, LLC:


Sean Pilliard                    spp@iland.net


Attorney for Lighthouse Lodge Development Co., LLC:

16

Richard S. Bender          rsb@rgsz.com

and I hereby certify that I have mailed by United States Postal Service the document to the following to the registered agent for Lighthouse Lodge, LLC who accepted service by certified mail on or about February 16, 2009, and which Defendant has not yet entered its appearance or filed a responsive pleading or motion and who may not as yet be a CM/ECF participant.

Mr. Michael Hejna
Registered Agent
Lighthouse Lodge, LLC and
100 Chesterfield Business Parkway, Suite 300
St. Louis, MO 63005

/s/Deborah S. Greider
One of Plaintiff's Attorneys