UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

Metropolitan St. Louis Equal )
Housing Opportunity Council, )
A Missouri nonprofit corporation, )
)
        Plaintiff, )
)   No.:   09-04019-CV-C-NKL
vs. )
)
Lighthouse Lodge, LLC, et al. )
)
        Defendants. )

## DEFENDANT LIGHTHOUSE LODGE DEVELOPMENT CO., LLC'S MOTIONS TO DISMISS, AND MOTIONS TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Lighthouse Lodge Development Co., LLC, by and through counsel, and for its Motions to Dismiss and Motions to Strike Plaintiff's First Amended Complaint provides as follows:

### Count I – the Missouri Human Rights Act

1. Pursuant to Missouri Revised Statute Section 213.111, "… any action brought in Court under this section shall be filed within 90 days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party."

2. The sale of the last unit in the alleged subject covered dwelling occurred on or about June 29, 2006 and therefore the two year statute of limitations would expire on June 29, 2008. In that Plaintiff's complaint was not filed until December 31, 2008, Count I of Plaintiff's complaint is hereby barred by the applicable statute of limitations, that being the two year statute provided for in RSMo. §213.111.

484488

1

3. Furthermore, RSMo. §213.111.2 states, "The Court may grant as relief … and may award Court cost and reasonable attorney's fees to the prevailing party, **other than** a State agency or commission or a local commission…" In that Plaintiff herein is a State agency, it is hereby barred from recovering attorney's fees per the applicable Missouri statute, that being RSMo. §213.111.2.

4. Lastly, Plaintiff's complaint fails to allege the necessary requirements for injunctive relief, that being immediate and irreparable harm, and as such no injunctive relief can be granted.

WHEREFORE, Defendant respectfully prays this Court dismiss Count I of Plaintiff's complaint in that it is barred by the applicable statute of limitations, in the alternative, Defendant prays this Court strike Plaintiff's prayers for injunctive relief and attorney's fees in that the necessary elements required to grant injunctive relief have not been pled and recovery of attorney's fees by Plaintiff herein are barred by the applicable Missouri statute, for Defendant's cost associated herein, reasonable attorney's fees, and any other or further relief this Court deems just and proper.

## Count II – the Fair Housing Act

1. Pursuant to 42 USC §3610, an aggrieved person may, not later than one year after an alleged discriminatory housing practice has occurred or terminated, file a complaint with the Secretary alleging such discriminatory housing practice. The Secretary, on the Secretary's own initiative, may also file such a complaint.

2. The sale of the last unit in the alleged subject covered dwelling occurred on or about June 29, 2006 and therefore the one year statute of limitations expired on June 29, 2007. In that Plaintiff's complaint was not filed until December 31, 2008,

Count II of Plaintiff's complaint is hereby barred by the applicable statute of limitations, that being the one year statute provided for in 42 U.S.C. Section 3610.

3. Furthermore, pursuant to 42 U.S.C. Section 3610, the aggrieved person is to file a Complaint with the Secretary, whom may also file a Complaint upon its own initiative. With respect to the instant action, Plaintiff herein lacks standing per 42 U.S.C. Section 3610 and as such this Count must be dismissed.

4. In the alternative, Plaintiff's complaint fails to allege the necessary requirements for injunctive relief, that being immediate and irreparable harm, and as such no injunctive relief can be granted.

WHEREFORE, Defendant respectfully prays this Court dismiss Count II of Plaintiff's complaint in that it is barred by the applicable statute of limitations and Plaintiff lacks standing to bring the same; in the alternative, Defendant prays this Court strike Plaintiff's prayer for injunctive relief in that the necessary elements required to grant injunctive have not been pled, for Defendant's cost associated herein, reasonable attorney's fees, and any other or further relief this Court deems just and proper.

## Count III – the ADA

1. In Count III of Plaintiff's Complaint, Plaintiff alleges that Defendants have violated 42 U.S.C. Section 12183 (a)(1), and the promulgated regulations implementing the ADA.

2. Pursuant to the applicable regulations implementing the ADA, specifically 42 USC §12182 and 28 C.F.R. Part 36 (Section 36.501), Plaintiff herein lacks standing to bring this Count.

3. Pursuant to 42 USC §12182, titled "Prohibition of Discrimination by Public Accommodations," "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation. Section (a) (iv) defines individual or class of individuals as, "For purposes of clauses (i) through (iii) of this subparagraph, the term individual or class of individuals refers to the clients or customers of the covered public accommodation that enters into the contractual, licensing or other arrangement."

4. Plaintiff is not an "individual" as defined by 42 U.S.C. Section 12182 and therefore has no standing to bring this Count.

5. Pursuant to 28 C.F.R. Part 36 (Section 36.501) entitled "Enforcement of Private Suits", Section A specifically states that, "Any person who is being subjected to discrimination on the basis of disability in violation of the act or this part or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of Section 303 of the act or Subpart D of this part may institute a civil action for preventative relief, including an application for injunctive relief. Upon timely application, the Court may, in its discretion, permit the Attorney General to intervene in the civil action if the Attorney General or his or her designee certifies that the case is of general public importance."

6. Again, Plaintiff herein is not a person being subjected to discrimination nor is Plaintiff the Attorney General and therefore Plaintiff lacks standing per the applicable statutes.

484488

4

Case 2:09-cv-04019-NKL   Document 18   Filed 03/19/09   Page 4 of 6

7. Lastly, Plaintiff's complaint fails to allege the necessary requirements for injunctive relief, that being immediate and irreparable harm, and as such no injunctive relief can be granted.

WHEREFORE, Defendant respectfully prays this Court dismiss Count III of Plaintiff's complaint in that Plaintiff lacks standing herein; in the alternative, Defendant prays this Court strike Plaintiff's prayer for injunctive relief in that the necessary elements required to grant injunctive relief have not been pled, for Defendant's cost associated herein, reasonable attorney's fees, and any other or further relief this Court deems just and proper.

Respectfully submitted,

ROSENBLUM, GOLDENHERSH,
SILVERSTEIN & ZAFFT, PC

/s/ Richard S. Bender
Richard S. Bender, Bar #25569
7733 Forsyth Blvd., 4th Floor
St. Louis, Missouri 63105
rsb@rgsz.com
Phone: (314) 726-6868
Fax: (314) 726-6786
***Counsel for Lighthouse Lodge
Development Co., LLC***

## ***CERTIFICATE OF SERVICE***

I certify that a true and correct copy of the foregoing pleading has been served by the Court's CM/ECF service system on March 19, 2009, on the following:

Deborah S. Greider
Thomas E. Kennedy, III
dgreider@tkennedylaw.com
tkennedy@tkennedylaw.com
Attorneys for the Plaintiff

Zachary M. Schmook
zschmook@ehoc-stl.org
Attorney for St. Louis Equal Housing Opportunity Council

John J. Ammann
ammannjj@slu.edu
Director of Legal Clinic

John E. Curran
jcurran@curransickal.com
jhenry@curransickal.com
Attorney for Defendant Davidson Construction & Development, Inc.

Samuel E. Trapp
Sam.trapp@hanrahantrapp.com
Attorneys for Robert Russell

Sean Pilliard
spp@iland.net
Attorneys for Lighthouse Pointe 912, LLC

/s/ Richard S. Bender