# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | | |
|---|---|---|
| **METROPOLITAN ST. LOUIS EQUAL HOUSING OPPORTUNITY COUNCIL,** a Missouri nonprofit corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 09-4019-CV-C-NKL |
| v. | ) ) ) | Plaintiff demands trial by jury on all issues triable by jury |
| **LIGHTHOUSE LODGE, LLC, *ET AL.*,** | ) ) | |
| Defendants. | ) | |

### PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT LIGHTHOUSE LODGE DEVELOPMENT CO. LLC'S MOTIONS TO DISMISS AND MOTIONS TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

Now comes Plaintiff, Metropolitan St. Louis Equal Housing Opportunity Council ("EHOC"), by and through counsel, and for its Suggestions in Opposition to Defendant Lighthouse Lodge Development Co., LLC's ("Lighthouse's") Motions to Dismiss and Motions to Strike Counts I, II, and III of Plaintiff's First Amended Complaint states as follows:

**Regarding Count I:**

1. In that section of Lighthouse's pleading entitled "Count I—the Missouri Human Rights Act" at paragraphs 1 and 2, Lighthouse alleges that Count I of Plaintiff's First Amended Complaint is barred by the two year statute of limitations set forth in RSMo §213.111.

2. Lighthouse is wrong. Any action brought in court under the Missouri Human Rights Act shall be filed within 90 days from the date of the Human Rights Commission's Right to Sue Letter—but not later than two years after the alleged cause occurred or its reasonable discovery

1

is alleged by the injured party. The "statute of limitations begins to run when the letter is issued." *Hammond v. Municipal Correction Institute*, 117 S.W.3d 130, 133 (Mo. App. W.D. 2003).

3.      In the case at bar, the Right to Sue Letter (which was Exhibit A to Plaintiff's Petition) issued on November 21, 2008 and suit was filed one month and ten days later, on December 31, 2008 (*Metropolitan St. Louis Equal Housing Opportunity Council v. Lighthouse Lodge, LLC,* et al., case no. 08ML-CC-00170, Miller County, 26th Judicial Circuit, Missouri), well within the applicable statute of limitations.

4.      In that section of Lighthouse's pleading entitled "Count I—the Missouri Human Rights Act" at paragraph 3, Lighthouse alleges that EHOC is a state agency and, therefore, is barred from recovering attorney's fees per RSMo § 213.111.2.

5.      Lighthouse is wrong.  EHOC is a Missouri not-for-profit corporation and is not precluded from recovering attorney's fees. It is neither a state nor a federal agency or unit of government, although it is funded in large part by grants from the U.S. Department of Housing and Urban Development ("HUD").

6.      In that section of Lighthouse's pleading entitled "Count I—the Missouri Human Rights Act" at paragraph 4, Lighthouse alleges that Plaintiff's First Amended Complaint fails to allege the necessary requirements for injunctive relief.

7.      Lighthouse is wrong.  RSMo § 213.111.2 expressly provides in pertinent part that in the event that a party is found to have violated the Missouri Human Rights Act, "[t]he court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order … " All a plaintiff need do under § 213.111.2 is prove his case; thereafter, the court may order those remedies, including injunctive relief, that it deems appropriate to redress the discriminatory acts proved.  No specific form of pleading is required.

Wherefore, for the reasons stated herein, EHOC requests that this Court deny Lighthouse's Motion to Dismiss Count I or in the alternative to Strike Count I, deny Lighthouse's request for attorney's fees and costs, and order this Defendant to file a responsive pleading.

**Regarding Count II:**

8.      In that section of Lighthouse's pleading entitled "Count II—the Fair Housing Act" at paragraphs 1-3, Lighthouse alleges that EHOC's claim is time barred by the statute of limitations.

9.      Lighthouse is wrong. By way of background, the Secretary of HUD may certify a state agency to receive referrals of charges of discrimination under the Fair Housing Act. Such an arrangement exists in Missouri where HUD regularly refers charges to the Missouri Human Rights Commission ("the Commission") for investigation and review.

10.     EHOC filed an administrative charge with HUD on April 30, 2007, just a day short of ten months after June 29, 2006— the date of sale of the last unit in the subject property.  Thereafter, HUD referred EHOC's charge to the Commission which in turn investigated and issued a Right to Sue Letter on November 21, 2008.

11.     An aggrieved person may file a discriminatory housing complaint with HUD not later than one year after an alleged discriminatory practice has occurred.  42 U.S.C.S. § 3610.  EHOC filed within the limitations period.

12.     The Fair Housing Act also provides that an aggrieved person has two years from the occurrence or termination of an alleged discriminatory practice in which to commence a civil action.  The computation of the two-years does not include any time during which an

3

administrative proceeding was pending with respect to a complaint or charge based upon a discriminatory housing practice.  42 U.S.C.S. §§  3613 (a) (1) (A),  3613 (a) (1) (B).

13.     When EHOC filed its complaint with HUD, which referred it to the Commission, the statute of limitations tolled until November 21, 2008, when a Right to Sue Letter issued.  *Boykin v. Key Bank National Association*, 521 F.3d 202 (2nd Cir. 2008).

14.     Stated another way, the administrative proceeding continued from the date EHOC filed: April 30, 2007 until the date of the Right to Sue Letter:  November 21, 2008. The statute was tolled during that period of time—nearly nineteen months, and EHOC filed its Petition in Miller County on December 31, 2008, one month and ten days from the date of the Right to Sue Letter.

15.     From the date of last sale of a unit (June 29, 2006) until the date of filing the Petition, nearly twenty-nine months elapsed. Subtracting from the twenty-nine months the nearly nineteen months the statute was tolled, it is clear that EHOC filed within the limitations period. In fact, EHOC filed within eleven months, eleven days of last unit sale, well within the statutory period.

16.     With respect to paragraph 4 of this section, Lighthouse is again wrong.  There is no particular form of pleading required to invoke injunctive or declaratory relief for an action brought under the Fair Housing Act and injunction is a remedy provided by the Act.  The Act provides that the court "may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order …"  42 U.S.C.S. § 3613 (c) (1) (d).  All a plaintiff need do under the Act is prove his case; thereafter, the court may order those remedies, including injunctive relief, that it deems appropriate to redress the discriminatory acts proved.

Wherefore, for the reasons stated herein, EHOC requests that this Court deny Lighthouse's Motion to Dismiss Count I or in the alternative to Strike Count II, deny

Lighthouse's request for attorney's fees and costs, and order this Defendant to file a responsive pleading.

**Regarding Count III:**

17.     In that section of Lighthouse's pleading entitled "Count III—the ADA" at paragraphs 1-6 Lighthouse alleges that EHOC lacks standing to assert this Count.

18.     Lighthouse is wrong.  Organizational plaintiffs have been found to have standing in many contexts, not only in FHA cases and in ADA cases, but also in cases involving many laws enacted to remediate social wrongs.  See, for example, *Hunt v. Washington State Apple Adver. Comm.,* 432 U.S. 333 (1977); *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982); *Doe v. Stincer*, 175 F.3d 879 (11th Cir. 1999); *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101 (9th Cir. 2003); *The Equal Rights Center v. Equity Residential*, 483 F. Supp.2d 482 (Dist. of MD, 2007); *Procurador de Personsa com Impendimentos v. Municipality of San Juan*, 541 F. Supp. 2d 468 (Dist. of Puerto Rico, 2008). To establish Article III standing, a plaintiff must allege facts which demonstrate the existence of a concrete and particularized injury-in-fact; a causal connection between the injury suffered and the conduct complained of; and, that a favorable adjudication would redress the alleged injury.  Fundamentally, it is a pleading burden.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

In *Coalition for the Environment, et al., v. Volpe*, 504 F.2d 156 (8th Cir. 1974), a case where environmentalists sought review of a decision of the U.S. District Court for the Eastern District of Missouri, which granted summary judgment to developers in respect of the environmentalists' claims that the developers' project was subject to the National Environmental Policy Act of 1969, the Eighth Circuit found organizational standing:  the challenged action caused the plaintiff injury in fact and the injury was to an interest arguably within the zone of

5

interest to be protected or regulated by the statute at issue.  Injury in fact includes economic and

non-economic injury.  *Coalition, Id*., at 165.

19.	In the case at bar, EHOC alleged injury in fact—diversion of resources and interference

with mission—as well as a causal connection and the expectation that a favorable adjudication

will redress that injury.  It has met its burden with respect to organizational standing.  Lighthouse

has not shown otherwise.

Wherefore, for the reasons stated herein, EHOC requests that this Court deny

Lighthouse's Motion to Dismiss Count III or in the alternative to Strike Count III, deny

Lighthouse's request for attorney's fees and costs, and order this Defendant to file a responsive

pleading.

Respectfully submitted,

Law Offices of Thomas E. Kennedy, III, LC

By: /s/ Deborah S. Greider
One of the Plaintiff's Attorneys
Law Offices of Thomas E. Kennedy, III, L.C.
Thomas E. Kennedy, III
Deborah J. Greider
Anne M. Hillyer
230 S. Bemiston Ave., Ste. 800
St. Louis, MO 63105
Tel: (314) 872-9041
Fax: (314) 872-9043

John J. Ammann
Director of the Legal Clinic
St. Louis University School of Law
321 North Spring Ave.
St. Louis, MO 63108
Tel.  (314) 977-2778
Fax:  (314) 977-333

Zachary M. Schmook

6

Metropolitan St. Louis Equal Housing Opportunity Council
1027 S. Vandeventer Ave., 6th Floor
St. Louis, MO 63110
Tel: (314) 534-5800, ext. 23
Fax: (314) 534-2551

### *Certificate of Service*

I hereby certify that on April 10, 2009, I electronically filed the foregoing Response in

Opposition with the Clerk of the Court using the CM/ECF system which sent notification of such

filing to the following:

Attorneys for the Plaintiff:

Deborah S. Greider                    dgreider@tkennedylaw.com

Thomas E. Kennedy, III                tkennedy@tkennedylaw.com

Anne M. Hillyer                       ahillyer@tkennedylaw.com

John J. Ammann                        ammannjj@SLU.EDU

Zachary Schmook                       zschmook@ehoc-stl.org

Attorney for Defendant Davidson Construction & Development, Inc.:

John Curran                           jcurran@curransickal.com
                                      jhenry@curransickal.com

Attorney for Robert Russell:

Samuel Trapp                          sam.trapp@hanrahantrapp.com
                                      becky.eye@hanrahantrapp.com


Attorney for Lighthouse Lodge Development Co., LLC:

Richard S. Bender                     rsb@rgsz.com


                                      /s/Deborah S. Greider
                                      One of Plaintiff's Attorneys


7