UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| Metropolitan St. Louis Equal Housing Opportunity Council, A Missouri nonprofit corporation, <br><br>Plaintiff, <br><br>vs. <br><br>Lighthouse Lodge Development Co., LLC, et al. <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )     No.: 09-04019-CV-C-NKL |

## DEFENDANT LIGHTHOUSE LODGE DEVELOPMENT CO., LLC'S REPLY TO PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT LIGHTHOUSE LODGE DEVELOPMENT COMPANY, LLC'S MOTIONS TO DISMISS AND MOTIONS TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Lighthouse Lodge Development Company, LLC, by and through counsel, and for its Reply to Plaintiff's Suggestions in Opposition to this Defendant's Motions to Dismiss and Motions to Strike hereby replies as follows:

### REGARDING COUNT I – MISSOURI HUMAN RIGHTS ACT

1. Plaintiff suggests that Count I of its Complaint is not barred by the two year statute of limitations set forth in RSMo. 213.111 because it filed its lawsuit within ninety (90) days from the date of receiving the Human Rights Commissions right to sue letter. Plaintiff also cites caselaw for the notion that "the statute of limitations begins to run when the letter is issued." See Hammond vs. Municipal Correction Institute, 117 S.W.3rd 130, 133 (Mo. App. W.D. 2003).

2. Plaintiff's suggestion completely ignores the second part of RSMo. §213.111, which when read in its entirety, provides that, "Any action brought in Court

486410

under this section shall be filed within ninety (90) days from the date of the commissions notification letter to the individual ***but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.***" The case cited by Plaintiff for the notion that the "statute of limitations begins to run when the letter is issued", is clearly for purposes of the 90 day statute of limitations regarding receipt of the Right to Sue Letter, and not the overall two year statute of limitations and is thus completely inapplicable to this Defendant's Motion to Dismiss Count I.

Specifically, there is no dispute that the lawsuit was filed within 90 days of receipt of the Commissions' Right to Sue letter, which is not the basis for this Defendant's Motion to Dismiss, but rather the fact that <u>the lawsuit was not filed until after two years from the date the alleged cause occurred or its reasonable discovery by the alleged injured party</u> and that is why Count I of Plaintiff's Complaint is barred by the applicable statute of limitations, that being the two year statute contained in RSMo. §213.111.

3. Plaintiff next suggests that it is entitled to recover attorney's fees per RSMo. 213.111.2 because it is not a State agency, but instead a Missouri not for profit corporation. Again, Plaintiff fails to cite the entire content of the applicable statute, wherein RSMo. 213.111.2 states, "The Court may grant as relief… and may award Court cost and reasonable attorney's fees to the prevailing party, **other than** a State agency **or commission or a local commission**…" Even if this Court were to agree with Plaintiff that it is not a State agency, despite the fact that is funded almost entirely by State and Federal grants, it is undoubtedly a commission or local commission and

thus falls within the purview of 213.111.2 and is thus barred from recovery of attorney's fees per said statute.

## **REGARDING COUNT II – THE FAIR HOUSING ACT**

4. Plaintiff suggests that Count II of its Complaint is not barred by the applicable statute of limitations in that the statute of limitations was tolled from the time period of April 30, 2007, the date upon which Plaintiff filed its complaint with HUD commencing the administrative proceeding, until November 21, 2008, the date upon which Plaintiff received its Right to Sue letter. Taking these allegations as true, Plaintiff's claims would be barred by 42 USC §3610 (g) (1) in that this Court would lack jurisdiction due to HUD's failure to make findings of reasonable cause within one-hundred (100) days of filing of the complaint, and failing to notify Defendants of the same.

5. Specifically, 42 USC§3610 (a)(B)(iv) states, "the secretary shall make an investigation of the alleged discriminatory housing practice and complete such investigation within one-hundred (100) days after the filing of the complaint, unless it is impracticable to do so. If the secretary is unable to complete the investigation within one-hundred (100) days after the filing of the complaint, the secretary shall notify the Complainant and Respondent in writing of the reasons for not doing so.

6. In the instant action, not only was the investigation not completed within one-hundred (100) days, but pursuant to Plaintiff's own pleadings, it took nearly 19 months, with the secretary failing to notify the Respondent in writing of the investigation and/or its reasons for delay of the same. To allow the Statute of Limitations to be tolled for a period in excess of the one-hundred days provided by Congress would in effect

benefit and reward Plaintiff and HUD for failing to comply with the applicable statutes. Such a result clearly cannot be the intent of Congress in enacting the statutory requirements that must be followed.

As such, the tolling of the statute of limitations for in excess of 100 days would have required full compliance with USC 3610 (g)(1) with respect to providing written notice and explanation to Defendant herein as to why the investigation would take in excess of 100 days, which was undisputedly not done, and therefore, this matter is barred by the applicable Statute of Limitations. See also <u>United States vs. Aspen Square Management Company</u>, 817 F. Supp. 707 (N.D. Ill. 1993).

7. This Defendant further alleges that Count II must be dismissed because Plaintiff herein lacks standing per 42 USC §3610 in that Plaintiff is not the "person aggrieved." Plaintiff fails to provide suggestions in response to said allegation and it is thus this Defendant's assumption that Plaintiff is conceding this point.

However, this Defendant still wishes to elaborate on its position by clarifying that 42 USC §3610 (a) defines "person aggrieved" as "any person who claims to have been injured by a discriminatory housing practice." Plaintiff herein is undisputedly not a "person" and has likewise not been injured in any way by a discriminatory housing practice.

To establish standing the Plaintiff bears the burden of establishing injury in fact by alleging specific facts that taken as true demonstrate the plaintiff suffered distinct and palpable injuries that are fairly traceable to the defendant's actions. <u>Arkansas ACORN Fair Housing, Inc. v. Greystone Development, Ltd., Co.</u>, 160 F.3d 433 (8th Circuit 1998); <u>High Plains Community Development Corporation v. Dr. Joann Schaefer, et al</u>., 2008

U.S. Dist. LEXIS 36661. An organization cannot manufacture the injury necessary to maintain a suit from its expenditure of resources on that very suit. Id at 8; See also Spann v. Colonial Village Inc., 283 U.S. App. D.C. 216, 899 F.2d 24 (D.C. Cir. 1990). Accordingly, Plaintiff cannot manufacture the injury or damages necessary to maintain this Lawsuit solely as a result of its expenditure of monies and resources on this very lawsuit, as pled in its First Amended Complaint.

### REGARDING COUNT III - ADA

8. In its reply suggestions in opposition to Defendant's Motion to Dismiss Count III of Plaintiff's Complaint due to lack of standing, Plaintiff correctly states that to establish Article 3 standing, a Plaintiff must allege facts which demonstrate the existence of a concrete and particularized injury in fact; a causal connection between the injuries suffered and the conduct complained of. See Plaintiff's Suggestions in Opposition to Defendant Lighthouse Lodge Development Company, LLC's Motions to Dismiss and Motions to Strike Plaintiff's First Amended Complaint page 5, paragraph 18.

9. Plaintiff then alleges that it has standing due to the fact that it has alleged an injury in fact, that being diversion of resources and interference with its mission. See paragraph 19 of Plaintiff's Suggestions in Opposition to this Defendant's Motions to Dismiss and Motions to Strike.

10. Plaintiff cites numerous cases in support of its position that "organizational plaintiffs" have standing. However, the cases cited by Plaintiff are completely distinguishable from the instant action in that the cases cited, as a whole, generally relate to the standing associated with organizations or associations bringing lawsuits on

behalf of its members. In the instant action, the EHOC is not an association or organization bringing a lawsuit on behalf of one of its members. It is an independent commission/agency commencing a lawsuit upon its own initiative, without the request or approval of any individual, and even more importantly, without a complaint or allegation of any discriminatory conduct by or upon any individual.

11. Furthermore, Plaintiff's suggestions are not specific to the ADA. Defendant's Motion to Dismiss Count III applies solely to the ADA, specifically 42 UCS §12182(a)(iv), which clearly and unambiguously defines individual or class of individuals as "clients or customers of the covered public accommodation that enters into the contractual, licensing or other arrangement."

12. The simple fact is that Plaintiff herein is undisputedly not a client or customer of the public accommodation in that it has no contractual, licensing or other arrangement with respect to the covered public accommodation and as such is simply not a defined individual or class of individuals having standing to bring Count III of its Complaint.

Plaintiff's only suggestion in response is the allegation that it has suffered an injury in fact, due to diversion of its resources and interference with its mission. Any such damages would be a result of Plaintiff's own undertaking and have no causal connection whatsoever to this Defendant in that this Defendant had absolutely no idea that Plaintiff was undertaking any action and Plaintiff was not doing so at the request or due to complaints of anyone whatsoever. More importantly, it still would not vest Plaintiff with standing in that a contractual, licensing or other arrangement with respect to the covered public accommodation is still lacking.

WHEREFORE, this Defendant respectfully prays this Court grant its Motions to Dismiss Counts 1, 2 and 3 as to this Defendant, or in the alternative grant its Motion to Strike Plaintiff's prayer for Attorneys Fees in Count I, award this Defendant its costs associated herein, reasonable attorneys fees, and any other or further relief this Court deems just and proper.

> Respectfully submitted,
>
> ROSENBLUM, GOLDENHERSH,
> SILVERSTEIN & ZAFFT, PC
>
> /s/ Richard S. Bender
> Richard S. Bender, Bar #25569
> 7733 Forsyth Blvd., 4th Floor
> St. Louis, Missouri 63105
> rsb@rgsz.com
> Phone: (314) 726-6868
> Fax: (314) 726-6786
> **Counsel for Lighthouse Lodge Development Co., LLC**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading has been served by the Court's CM/ECF service system on May 7, 2009, on the following:

Deborah S. Greider
Thomas E. Kennedy, III
dgreider@tkennedylaw.com
tkennedy@tkennedylaw.com
Attorneys for the Plaintiff

Zachary M. Schmook
zschmook@ehoc-stl.org
Attorney for St. Louis Equal Housing Opportunity Council

John J. Ammann
ammannjj@slu.edu
Director of Legal Clinic

John E. Curran

486410

jcurran@curransickal.com
jhenry@curransickal.com
Attorney for Defendant Davidson Construction & Development, Inc.

Samuel E. Trapp
Sam.trapp@hanrahantrapp.com
Attorneys for Robert Russell

Sean Pilliard
spp@iland.net
Attorneys for Lighthouse Pointe 912, LLC


                                                             /s/ Richard S. Bender